IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| STEVEN REYNOLDS,<br><br>Plaintiff,<br><br>vs.<br><br>JEFF HUNNES, JACQUELINE A. HUNNES, and WILLIAM STENE,<br><br>Defendants. | CV 14-80-BLG-SPW<br><br>OPINION and ORDER |

Before the Court is the Defendants' Motion to Compel. In the motion, the Defendants seek an order compelling Plaintiff Steven Reynolds to respond to Request for Production No. 12 and Interrogatory No. 19. Request for Production No. 12 seeks documents supporting Reynolds's loss of earning capacity claim, including W-2s, tax returns, and pay stubs. Interrogatory No. 19 seeks an explanation as to how Reynolds calculated his loss of earning capacity claim.

In his response brief, Reynolds agreed to produce the relevant tax records pursuant to Request for Production No. 12. Reynolds also agreed to provide the computation for his lost earning capacity claim in his expert witness disclosures. His damages expert disclosures are due July 29, 2015.

In their reply brief, the Defendants acknowledge receipt of the tax records. However, the Defendants argue that they are entitled to know how Reynolds

1

calculated his lost earning capacity damages prior to the expert disclosures. The Defendants also are uncertain that Reynolds has produced all relevant documents, in addition to the tax records, under Request for Production No. 12. The Defendants argue that Reynolds should be ordered to (1) fully answer Interrogatory No. 19, and (2) provide all other documents responsive to Request for Production No. 12 which have not already been produced.

The Court will allow Reynolds to answer Interrogatory No. 19 concurrently with his expert disclosures. The Court notes that the disclosures are due within a week of this Order, so the Defendants are not significantly prejudiced. The Court grants the Defendants request for an Order for Reynolds to produce all other documents responsive to Request for Production No. 12. Obviously, the Court has no idea if such documents exist. But if there are other documents responsive to Request for Production No. 12, Reynolds must produce them by August 17, 2015.

Accordingly, IT IS HEREBY ORDERED that the Defendants' Motion to Compel (Doc. 28) is GRANTED IN PART as to Request for Production No. 12. Reynolds must provide all other documents responsive to Request for Production No. 12 which have not already been produced by August 17, 2015. The motion is DENIED in all other aspects.

DATED this 23 day of July, 2015.

                                                /s/ Susan P. Watters
                                                SUSAN P. WATTERS
                                                United States District Judge